**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

vs.

ROLANDO LOZARO VALDEZ-
MAS,

     Defendant-Appellant.

No. 98-2164
(D.C. No. CR-97-181 JC)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Rolando Lozaro Valdez-Mas appeals from his

conviction of two counts of possession with intent to distribute more than five

grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B).  Mr. Valdez-Mas

contends that: (1) the district court erred in admitting a photograph of him

without establishing a proper foundation for its admission; and (2) there was

insufficient evidence to sustain his conviction.  Our jurisdiction arises under 28

U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On November 21, 1996, Detective Frank Chavez, acting undercover, went to Room 103 of the Rosevilla Motel in Albuquerque, New Mexico with an undercover informant. After entering the room, Officer Chavez purchased $300 worth of crack cocaine from an individual he later identified as the defendant, Mr. Valdez-Mas. On December 2, 1996, Officer Chavez and the same confidential informant made another purchase of $300 worth of crack cocaine from Mr. Valdez-Mas in Room 103 of the Rosevilla Motel. During both transactions, another individual known as Andres was in the room with Mr. Valdez-Mas.

In January 1997, Officer Chavez used an INS photograph of the defendant to aid in identifying him as the person from whom Officer Chavez purchased crack cocaine on November 21 and December 2, 1996. See III R. at 41. The photograph had the defendant's name, Rolando Lozaro Valdez-Mas, written on it. See id. at 42.

At trial, the defendant's primary defense was that another individual named Juan Mario Gonzales-Mas, who looked similar to the defendant, was in fact the person who sold crack cocaine to Officer Chavez in late 1996. See id. at 15-17, 83, 87-88, 120-22, 125-26. The government presented testimony that Juan Mario Gonzales-Mas and the defendant were the same person. See id. at 85-87.

I. Admission of the Photograph Used to Identify Mr. Valdez-Mas

Mr. Valdez-Mas contends that the district court erred in admitting the INS photograph from which Officer Chavez identified him. We review the admission of evidence for an abuse of discretion. See United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999).

Mr. Valdez-Mas argues that the government failed to lay a proper foundation. In order to support the admission of the photograph, the government needed to demonstrate that "the matter in question is what its proponent claims." Fed. R. Evid. 901. "If the proffered evidence is unique, readily identifiable and relatively resistant to change, the foundation need only consist of testimony that the evidence is what its proponent claims." United States v. Cardenas, 864 F.2d 1528, 1531 (10th Cir. 1989). The government offered the photograph as that used by Officer Chavez to identify the defendant. The photograph is both readily identifiable and relatively resistant to change. See III R. at 42-43. Officer Chavez testified the he looked at the photograph in January of 1997 to identify the person from whom he purchased crack cocaine. See id. at 41-42. There is no doubt that this testimony provided a sufficient foundation for the photograph's admission. Moreover, Mr. Valdez-Mas later admitted that the photograph was of him and that it was taken by the INS. See id. at 93-94. Thus, we find no abuse of discretion by the district court in admitting the photograph.

## II. Sufficiency of the Evidence

Mr. Valdez-Mas argues that there was insufficient evidence to support his conviction. In particular, he claims that the evidence presented at trial regarding his identity as the seller was insufficient to support a conviction. We review the sufficiency of the evidence de novo, viewing all of the evidence in the light most favorable to the government to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt. See United States v. Floyd, 81 F.3d 1517, 1525 (10th Cir. 1996).

Defendant's argument centers around whether the government adequately proved that defendant was in fact the individual who sold Officer Chavez crack cocaine on November 21 and December 2, 1996. We find that there was sufficient evidence to uphold his conviction. The photograph does not, as the defendant contends, provide the only basis at trial for the defendant's identification. The confidential informant had told Officer Chavez that the defendant's name was "Rolando." See III R. at 26, 36. In addition, while testifying at trial, Officer Chavez identified with certainty Mr. Valdez-Mas as the man who sold him crack cocaine at the Rosevilla motel on November 21 and December 2, 1996. See id. at 30, 37, 48, 61. Viewing all of the evidence in the light most favorable to the government, including any inconsistencies between Officer Chavez' testimony at trial and at an earlier hearing, there is a sufficient

basis to support Mr. Valdez-Mas' conviction. We find it remarkable that the defendant claims, on the one hand, that the photograph does not support his identification and yet on the other hand, when the defendant testified at trial, he admitted that the photograph was in fact a picture of him. See id. at 94. We find there was sufficient evidence to convict the defendant of both counts under 21 U.S.C. § 841(b)(1)(B).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge